IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENYON JOHNSON, et al.**                                                           **PLAINTIFFS**

**v.**                                                                     **No. 4:24-CV-31-DMB-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

**REPORT AND RECOMMENDATION**

On March 18, 2024, the plaintiffs, proceeding *pro se*, filed this action against the Commissioner of Social Security, Martin O'Malley and moved for leave to proceed before the court *in forma pauperis*. EF #1, 2. Following a review of the complaint, the undersigned concluded that the plaintiffs failed to establish that this court has subject matter jurisdiction over their claim. Accordingly, the undersigned ordered the plaintiffs to show cause as to why their case should not be dismissed. ECF #5. The plaintiffs have not responded to the show cause order, and the deadline for their response has passed. For the following reasons, the undersigned magistrate judge recommends that this case be dismissed.

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction does not exist. *Stockman v. Federal Election Com'n,* 138 F.3d 144, 151 (5th Cir. 1998). The term "subject matter jurisdiction" pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577, 199 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Subject matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The court cannot assume that it has jurisdiction; rather,

"the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference." *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 159 (5th Cir. 1988) (quoting *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 n.2 (5th Cir. 1983)). A federal court must raise lack of subject matter jurisdiction on its own when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

For cases arising under the Social Security Act, the only avenue for judicial review is under 42 U.S.C. § 405(g), which allows an individual to seek judicial review of any "final" decision of the Commissioner. This means that as a prerequisite to the court's jurisdiction, a claimant must first have exhausted all available administrative remedies. *Heckler v. Ringer,* 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). "This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council." *Celestine v. Social Security Administration,* 486 F.App'x 418, 419 (5th Cir. 2012) (citing 20 C.F.R. § 416.1400(a) (explaining that Commissioner's decision determining rights under title XVI of Social Security Act only becomes final once four-step process has been completed)); *see also* 20 C.F.R. § 404.900(a) (explaining same with respect to Commissioner's decision determining rights under title II of Social Security Act). This four-step process for exhausting administrative remedies applies not only to the Commissioner's decisions determining a claimant's entitlement to benefits, but also to the Commissioner's decisions determining who will act as a claimant's payee if a representative payment will be made. *See* 42 U.S.C. § 404(j)(2)(E)(1); 20 C.F.R. §§ 404.902(q) and 416.1402(e). Where a plaintiff has failed to exhaust these administrative remedies, a district court properly dismisses the complaint for lack of subject matter jurisdiction. *Celestine,* 486

F.App'x at 419.

In the present case, the *pro se* plaintiffs filed their complaint on March 18, 2024, and they have used the court's form "Complaint for a Civil Case," in which they provide no information at all in Section II, entitled "Basis for Jurisdiction." In Section III, entitled "Statement of Claim," the plaintiffs state the following:

> On Wednesday March 13 2024 I Danario Slack was [sic] denied the right to keep Kenyon Johnson my representative payee by the local Social Security Administration and they put my cousin Shakir Miller over my check and the SAA office know [sic] that Shakir Miller was misusing my benefits back four years ago.

No further information as to the Commissioner's administrative proceedings is provided. In Section IV, entitled "Relief," the plaintiffs state, "I Danario Slack wants [sic] the courts to order SAA to remove my cousin as my representative payee and I want the courts to [order] the SSA to let me choose my own representative payee." The undersigned magistrate judge finds that the plaintiffs' complaint fails to establish that they exhausted their administrative remedies before seeking judicial review of the Commissioner's decision determining who will act as Slack's representative payee, and the plaintiffs have failed to show cause why their complaint should not be dismissed for lack of subject matter jurisdiction.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for lack of subject matter jurisdiction. The plaintiffs are referred to FED. R. CIV. P. 72(b) for the appropriate procedure in the event they desire to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days[1] of this date and "a party's failure to file written objections to the proposed findings, conclusions and recommendation in a magistrate judge's report and recommendation within [14]

---

[1] Plaintiffs must file their objection no later than April 25, 2024.

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

    **SO ORDERED**, this the 11th day of April, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE